**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

---

**JOHN DOE,**

**Plaintiff,**

**v.**

**GUTHRIE CLINIC LTD.; GUTHRIE HEALTH; GUTHRIE HEALTHCARE SYSTEM; GUTHRIE HEALTH PLAN, INC.; GUTHRIE CLINIC INC.; GUTHRIE CLINIC, A PROFESSIONAL CORPORATION; GUTHRIE CLINICS GROUP PRACTICE PARTNERSHIP, L.L.P.; GUTHRIE MEDICAL GROUP, P.C.; GUTHRIE ENTERPRISES, TWIN TIER MANAGEMENT CORPORATION;**

**Defendants.**

---

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Index No.:**

## PRELIMINARY STATEMENT

Plaintiff, John Doe (hereafter referred to as "Plaintiff" or "Mr. Doe") proceeding under a fictitious name to protect his privacy interests, by his attorneys Brown and Hutchinson, seeks redress for defendants' breach of his confidential personal health information while he was a patient at a medical facility owned, possessed, operated, staffed and/or otherwise controlled by defendants, and alleges upon information and belief as to all other matters alleged below as follows.

## JURISDICTION AND VENUE

1. This District Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states, where Plaintiff is a citizen of the State of New York and all defendants are legal entities organized under the laws of and are citizens of the State of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs, where Plaintiff seeks damages in excess of $800,000.00.

2. Venue pursuant to 28 U.S.C. § 1391 is proper because the unlawful incidents complained of occurred within the Western District of New York.

**PARTIES**

3. Plaintiff John Doe was a resident of the City of Corning, County of Steuben, State of New York and a patient at a medical facility known as Guthrie Clinic Steuben at 123 Conhocton Street, in the City of Corning, County of Steuben, State of New York, at all relevant times, which facility, upon information and belief was owned, possessed, operated, staffed and/or otherwise controlled by defendants and which will be referred to herein as "Guthrie Clinic Steuben."

4. The defendant entities identified in the following paragraphs five (5) through fourteen (14) will be referred to herein collectively as the "Guthrie Defendants."

5. Defendant Guthrie Clinic, Ltd. is a foreign professional corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

6. Defendant Guthrie Health is a foreign not-for-profit corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

7. Defendant Guthrie Healthcare System is a foreign not-for-profit corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

8. Defendant Guthrie Health Plan, Inc., is a foreign business corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

9. Defendant Guthrie Clinic, Inc., is a foreign business corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

10. Defendant Guthrie Clinic, A Professional Corporation is a foreign professional corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

11. Defendant Guthrie Clinics Group Practice Partnership, L.L.P. is a foreign limited liability partnership organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

12. Defendant Guthrie Medical Group, PC is a foreign business corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

13. Defendant Guthrie Enterprises is a foreign business corporation organized under the laws of the State of Pennsylvania as Twin Tier Management Corporation, operating and doing

business in the State of New York and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

14. Defendant Twin Tier Management Corporation is a foreign business corporation organized under the laws of the State of Pennsylvania, operating and doing business in the State of New York under the fictitious name of Guthrie Enterprises and owning, possessing, operating, staffing and/or otherwise controlling the Guthrie Clinic Steuben in conjunction with the other Guthrie Defendants.

**FACTUAL ALLEGATIONS**

15. Mr. Doe was diagnosed with a sexually transmitted disease in or around February 2010 at a medical clinic near Corning, New York, which medical clinic was not associated with the Guthrie Defendants and is not at issue or a party to this lawsuit.

16. Mr. Doe's disease is of a highly sensitive nature, the publication of information about which would cause anyone great embarrassment and social stigma.

17. Mr. Doe was subsequently referred by the non-Guthrie clinic that diagnosed his disease to the Guthrie Clinic Steuben for further treatment of his disease and began to receive care for his disease.

18. Mr. Doe expected and had the legal right to complete confidentiality over all of his personal health information in the control of the Guthrie Clinic Steuben, the Guthrie Defendants and their employees.

19. On or about Thursday, July 1, 2010, Mr. Doe reported to the Guthrie Clinic Steuben for an appointment regarding his sexually transmitted disease.

20. Ms. Magan Stalbird, an employee of the Guthrie Defendants working in a nursing capacity at

the Guthrie Clinic Steuben, accessed Mr. Doe's personal health information, including information about the sexually transmitted disease for which he was being treated by a Guthrie Clinic Steuben doctor.

21. On or about Thursday, July 1, 2010, while Mr. Doe was waiting to be seen and during his appointment, Ms. Stalbird over the course of two hours sent at least six unauthorized, ridiculing and taunting text messages via cell phone regarding Mr. Doe's sexually transmitted disease and confidential personal health information to Mr. Doe's girlfriend, Jessica.

22. Mr. Doe's girlfriend is Ms. Stalbird's sister-in-law, as Ms. Stalbird is married to Jessica's brother, Mr. Greg Space.

23. As Mr. Doe's girlfriend received the messages from Ms. Stalbird, she forwarded via cell phone the messages to Mr. Doe's cell phone while he was waiting for and during his appointment.

24. Mr. Doe was understandably mortified that a nurse at the clinic was broadcasting his personal health information outside of the clinic.

25. Ms. Stalbird's messages indicate that she and her co-workers ridiculed and otherwise discussed Mr. Doe's personal health information in an impermissible manner at Guthrie Clinic Steuben for reasons that had nothing to do with his treatment and care.

26. As a result of the actions of the defendants, including defendants' employee Ms. Stalbird, Mr. Doe's personal health information has been spread much farther in Corning and beyond exposing him to widespread derision and deep personal embarrassment.

27. On Tuesday, July 6, 2010, Mr. Doe complained by telephone to the Guthrie Defendants about the breach of his personal health information.

28. Mr. Doe subsequently met with a Guthrie administrator named "Mike" who interrogated Mr. Doe about whether he had sought legal counsel and showed little interest in helping Mr. Doe resolve the problem of Guthrie Health's breach.

29. Upon information and belief, Ms. Stalbird's employment with the Guthrie Defendants was terminated.

30. On or about Friday, July 9, 2010, Mr. Doe's girlfriend received a voicemail message threatening the lives of both his girlfriend and Mr. Doe, from Mr. Greg Space, Ms. Stalbird's husband who was known to Mr. Doe to be have a violent personality and history, stating:

> "When I get home from [military] training I'm going to fucking kill you. Then I'm going to find [John Doe] and kill him. So you better hide. ... Leave Magan the fuck alone."

31. Mr. Space's threats put Mr. Doe in warranted fear for his safety triggered by Guthrie Health's breach, prompting Mr. Doe to file a criminal complaint against Mr. Space and seek an order of protection from the City of Corning police.

32. Mr. Doe subsequently received a letter from Dr. Joseph A. Scopelliti, President/CEO of Guthrie Clinic, Ltd. at the Guthrie Defendants' headquarters in Sayre, Pennsylvania, dated July 12, 2010 and entitled "Notification of Breach of Private Information," stating in part and admitting without reservation that Mr. Doe's confidential personal health information was breached at Guthrie Clinic Steuben said letter read:

> "We have identified that information related to your medical care at Guthrie Clinic Steuben was improperly accessed and disclosed. We became aware of this incident on July 6, 2010 pursuant to your telephone call. The information included your name and clinical information. This breach occurred on July 1, 2010."

33. The undeniable breach of Mr. Doe's personal health information has caused Mr. Doe to suffer fundamental harms to his reputation, health care, employment, relationships and well-

being.

34. The undeniable breach of Mr. Doe's personal health information has caused him to feel a pariah in the Guthrie Defendants' facilities and among its health care providers so that he no longer trusts that he can get quality care in a Guthrie facility, even though he was specifically referred to Guthrie Health as the best place to go for the treatment needed for his disease, resulting in his seeking health care outside of the Guthrie Defendants' health care system.

35. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has caused Mr. Doe's medical care for his disease to be fundamentally compromised and caused him to have to seek treatment at less respected facilities and to travel out of his way to find the same level of care at another facility and with providers that have not breached his confidences nor have been making jokes behind his condition.

36. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has caused Mr. Doe to feel that he can no longer show his face in the small town environs of Corning, his life-long hometown.

37. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has caused Mr. Doe, a young man of 22 years, to feel that he can no longer safely socialize in his own home town without the stigma of his disease shading every interaction and relationship he has.

38. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has caused Mr. Doe, who works in a job where he handles food for public consumption and is in constant contact with the public, to feel that, while his condition poses no danger to others, knowledge of his disease by the public, his coworkers and employer will have a severe impact on his gainful employment, and affect his future employment prospects.

39. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information to his girlfriend and the taunting of her with it led to the dissolution of their relationship.

40. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has severely handicapped Mr. Doe's prospects for romantic relationships, marriage and fatherhood.

41. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has caused Mr. Doe to suffer severe anxiety, fear, pain, embarrassment and psychological trauma.

42. Upon information and belief, plaintiff is the object of pity, disdain, and scorn in his life-long hometown of Corning, New York as a result of the actions of the Guthrie Defendants' employees.

43. The undeniable breach and unauthorized disclosure of Mr. Doe's personal health information has caused him to move away from his life-long home town of Corning, New York to a new home and job, causing him to incur substantial expenses and suffer great personal inconvenience in an effort to distance himself from people that now know about his disease through no fault of his own.

44. Ms. Stalbird's unauthorized messages about Plaintiff's medical condition, as well as the ridiculing discussion of his condition with her co-workers, breached Mr. Doe's personal health information, violated federal statutory law under the Health Insurance Portability and Accountability Act ("HIPAA") as well as Mr. Doe's rights under the statutory and common law of the State of New York.

## FIRST CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY OF CONFIDENTIALITY OVER PATIENT PERSONAL HEALTH INFORMATION

45. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 44 above.

46. The Guthrie Defendants and their employee Ms. Stalbird and/or other employees had a fiduciary duty to keep the personal health information of Mr. Doe strictly confidential and privileged from disclosure because of the physician/patient relationship which existed between them by virtue of Mr. Doe receiving medical treatment from the Guthrie Defendants and their employees at the Guthrie Clinic Steuben.

47. Mr. Doe never waived his privilege over this personal health information arising from the physician/patient relationship between him and the Guthrie Defendants and their employees.

48. No exception to the duty of the Guthrie Defendants and their employees under their physician/patient relationship with Mr. Doe applied to relieve them of their duty to keep Mr. Doe's privileged personal health information confidential.

49. The Guthrie Defendants and their employees breached their duty and disclosed Mr. Doe's privileged personal health information, as set forth above, and as admitted in the Guthrie Clinic, Ltd. Notification of Breach of Private Information letter dated July 12, 2010.

50. By the breach of their duty and unauthorized disclosure of Mr. Doe's privileged personal health information, the Guthrie Defendants and their employees breached the fiduciary duty they owed to Mr. Doe to keep his personal health information confidential.

51. This breach of fiduciary duty of confidentiality has caused Mr. Doe to suffer numerous damages, including, but not limited to emotional trauma and severe distress, damage to his health care and the bond of trust between him and his medical care providers, fear for his

health and safety, damage to his social relationships and standing, and financial injury.

**52.** The Guthrie Defendants are liable for the breach and the unlawful actions of their employees, including Ms. Stalbird and/or other employees in regard to Mr. Doe.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACTUAL DUTY OF CONFIDENTIALITY OVER PATIENT PERSONAL HEALTH INFORMATION**

53. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 52 above.

54. The Guthrie Defendants and their employee Ms. Stalbird and/or other employees had a duty to keep the personal health information of Mr. Doe strictly confidential by a contract of confidentiality which existed between them by virtue of Mr. Doe receiving medical treatment from the Guthrie Defendants and their employee and/or employees.

55. Mr. Doe never waived his privilege over this personal health information under the contract of confidentiality.

56. No exception to the duty of the Guthrie Defendants and their employee Ms. Stalbird and/or other employees under the contract of confidentiality applied to relieve them of their duty to keep Mr. Doe's privileged personal health information confidential.

57. The Guthrie Defendants and their employee Ms. Stalbird and/or other employees breached Mr. Doe's privileged personal health information, as set forth above, and as admitted in the Guthrie Clinic, Ltd., Notification of Breach of Private Information letter dated July 12, 2010.

58. By the breach of Mr. Doe's privileged personal health information, the Guthrie Defendants and their employee Ms. Stalbird and/or other employees breached the contract of confidentiality between them and Mr. Doe.

59. This breach of the contract of confidentiality has caused Mr. Doe to suffer numerous

damages, including psychological and emotional trauma, severe distress, damage to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to his social relationships and standing, financial injury and has made him the object of pity, scorn and disdain in the Corning, New York community.

60. The Guthrie Defendants are liable for the breach and the unlawful actions of their employee Ms. Stalbird and/or other employees in regard to Mr. Doe.

**THIRD CAUSE OF ACTION**

**BREACH OF PRIVILEGED PATIENT PERSONAL HEALTH INFORMATION UNDER NEW YORK CPLR § 4504**

61. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 60 above.

62. New York Civil Practice Law and Rules § 4504 privileges the personal health information of a medical patient from disclosure by persons who are the patient's care providers, including physicians, nurses and other care givers and the legal entities by whom they are employed, who acquire such information in their professional capacity.

63. The Guthrie Defendants and their employee Ms. Stalbird and/or other employees are persons required to keep the personal health information of patients like Mr. Doe confidential and privileged under New York Civil Practice Law and Rules § 4504.

64. Mr. Doe, by receiving medical treatment from the Guthrie Defendants and their employees, was in a privileged physician/patient relationship with the Guthrie Defendants and their employees, including, but not limited to Ms. Stalbird.

65. The Guthrie Defendants and their employees were fully aware of the privileged physician/patient relationship between the Guthrie Defendants, their employees and plaintiff.

66. Mr. Doe never waived his privilege over his personal health information.

67. No exception to the duty of the Guthrie Defendants and their employees applies to relieve them of their duty to keep Mr. Doe's privileged personal health information confidential.

68. The Guthrie Defendants and their employees breached their duty to keep confidential Mr. Doe's privileged personal health information, as set forth above, and as admitted in the Guthrie Clinic, Ltd., Notification of Breach of Private Information dated July 12, 2010.

69. The breach of the Guthrie Defendants and their employees violated New York Civil Practice Law and Rules § 4504.

70. The violation of New York Civil Practice Law and Rules § 4504 has caused Mr. Doe to suffer numerous damages, including psychological and emotional trauma, severe distress, damage to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to his social relationships and standing, financial injury and has caused him to be the object of pity, scorn and disdain.

71. The Guthrie Defendants are liable for the breach and the unlawful actions of their employee Ms. Stalbird and/or other employees in regard to Mr. Doe.

## FOURTH CAUSE OF ACTION

## BREACH OF PRIVILEGED PATIENT PERSONAL HEALTH INFORMATION UNDER NEW YORK PUBLIC HEALTH LAW § 4410

72. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 71 above.

73. New York Public Health Law § 4410 privileges the personal health information of a medical patient from disclosure by persons who are the patient's care providers, including physicians, nurses and other care givers and the legal entities by whom they are employed, who acquire such information in their professional capacity.

74. The Guthrie Defendants and their employees including Ms. Stalbird are persons required to

keep the personal health information of patients like Mr. Doe confidential and privileged under New York Public Health Law § 4410.

75. Mr. Doe, by receiving medical treatment from the Guthrie Defendants and their employees, was in a privileged physician/patient relationship with the Guthrie Defendants and their employees of which the Guthrie Defendants and their employees Ms. Stalbird were fully aware.

76. Mr. Doe never waived his privilege over his personal health information.

77. No exception to the duty of the Guthrie Defendants and their employees applies to relieve them of their duty to keep Mr. Doe's privileged personal health information confidential.

78. The Guthrie Defendants and their employees including Ms. Stalbird breached their duty to keep confidential Mr. Doe's privileged personal health information, as set forth above, and as admitted in the Guthrie Clinic, Ltd., Notification of Breach of Private Information dated July 12, 2010.

79. The breach of the Guthrie Defendants and their employees including Ms. Stalbird violated New York Public Health Law § 4410.

80. The violation of New York Public Health Law § 4410 has caused Plaintiff to suffer numerous damages, including psychological and emotional trauma, severe distress, damage to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to his social relationships and standing, financial injury, and caused him to be the object of pity, disdain and scorn.

81. The Guthrie Defendants are liable for the breach and the unlawful actions of their employees in regard to Mr. Doe.

## FIFTH CAUSE OF ACTION

## BREACH OF PATIENT RIGHT TO PRIVACY UNDER NEW YORK PUBLIC HEALTH LAW § 2803-c

82. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 81 above.

83. New York Public Health Law § 2803-c establishes a right to privacy for medical patients in their medical treatment.

84. The Guthrie Defendants and their employees including Ms. Stalbird, are persons required to keep the personal health information of patients like Mr. Doe confidential and privileged under New York Public Health Law § 2803-c.

85. Mr. Doe, by receiving medical treatment from the Guthrie Defendants and their employees, was in a privileged physician/patient relationship with the Guthrie Defendants and their employees, of which the Guthrie Defendants and their employees were fully aware.

86. Mr. Doe never waived his right to privacy over this personal health information.

87. No exception to the duty of the Guthrie Defendants and their employees applies to relieve them of their duty to keep Mr. Doe's privileged personal health information confidential.

88. The Guthrie Defendants and their employees breached their duties owed to Mr. Doe and disclosed Mr. Doe's privileged personal health information, as set forth above, and as admitted in the Guthrie Clinic, Ltd., Notification of Breach of Private Information letter dated July 12, 2010.

89. The breach of the Guthrie Defendants and their employees violated New York Public Health Law § 2803-c.

90. Said violation of New York Public Health Law § 2803-c has caused Plaintiff to suffer numerous damages, including psychological and emotional trauma, severe distress, damage

to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to his social relationships and standing, financial injury and caused him to be the object of pity, scorn and disdain.

91. The Guthrie Defendants are liable for the breach and the unlawful actions of their employees in regard to Mr. Doe.

**SIXTH CAUSE OF ACTION**

**NEGLIGENT HIRING, TRAINING, RETENTION AND/OR SUPERVISION OF EMPLOYEES**

92. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 91 above.

93. The Guthrie Defendants had a duty to properly hire, train, retain and/or supervise their employees, including Ms. Stalbird in such a way that a breach of Mr. Doe's personal health information would not occur.

94. The Guthrie Defendants failed to properly train and supervise their employees.

95. Mr. Doe's personal health information was improperly disclosed by the Guthrie Defendants and their employees including Ms. Stalbird, as a result of the Guthrie Defendants failure to properly hire, train, retain and/or supervise their employees, including Ms. Stalbird.

96. The breach of the Guthrie Defendants' duty to properly hire, train, retain and/or supervise their employees, including Ms. Stalbird caused Mr. Doe to suffer damages, including psychological and emotional trauma, severe distress, damage to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to his social relationships and standing, financial injury and caused him to become the object of pity, scorn and disdain.

97. The Guthrie Defendants are liable for their breach of their duty to properly hire, train, retain

and/or supervise their employees.

98. The Guthrie Defendant's failed to create, maintain and implement policies, procedures and practices to ensure the confidentiality of the protected health information of Mr. Doe and other patients.

**SEVENTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

99. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 98 above.

100. The Guthrie Defendants and their employees breached the duties they owed to Mr. Doe under common law and statutory law by breaching the confidentiality of Plaintiff's personal health information.

101. The breach has caused Mr. Doe fear and has unreasonably endangered Mr. Doe's physical safety both because the ridicule he was subjected to by the care providers of the Guthrie Clinic Steuben while he was waiting for and during his treatment. Said breach caused him to gravely question whether he would in fact be harmed rather than helped by the care he was receiving from his care providers that obviously to him did not care about his well-being, and also because of the credible threats of extreme violence and death that were communicated to him by the husband of Ms. Stalbird after the Guthrie Defendants terminated Ms. Stalbird's employment.

102. The Guthrie Defendants and their employees' actions including the breach of confidentiality of plaintiff's protected health information caused the infliction of emotional distress upon plaintiff, including fear for and danger to his physical safety and numerous other damages including psychological and emotional trauma, damage to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to

his social relationships and standing, financial injury and caused him to become the object of pity, scorn and disdain.

103. The Guthrie Defendants are liable for the breach and for the unlawful actions of their employees in regard to Mr. Doe.

## EIGHTH CAUSE OF ACTION

## INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

104. Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 102 above.

105. The unauthorized disclosure of Mr. Doe's personal health information by the Guthrie Defendants and their employees is extreme and outrageous conduct that would cause anyone severe emotional distress.

106. The Guthrie Defendant's and their employees' actions did in fact cause plaintiff severe emotional distress.

107. The Guthrie Defendants' employee Ms. Stalbird and/or other employees intended to cause or disregarded a substantial probability of causing Mr. Doe severe emotional distress through their extreme and outrageous conduct.

108. The Guthrie Defendants' employee Ms. Stalbird's and/or other employees' extreme and outrageous conduct has caused Mr. Doe to suffer severe emotional distress and numerous other damages, including but not limited to, psychological and emotional trauma, damage to his health care and the bond of trust between him and his medical care providers, fear for his health and safety, damage to his social relationships and standing, financial injury and caused him to become the object of pity, scorn and disdain.

109. The Guthrie Defendants are liable for their unlawful conduct and for the unlawful actions of

their employee Ms. Stalbird and/or other employees in regard to Mr. Doe.

**WHEREFORE,** plaintiff John Doe prays that this Court grant judgment to him against defendants for the following relief:

1. An award of compensatory damages in excess of $800,000.00, to be determined at trial;
2. An award of punitive damages, to be determined at trial;
3. An order enjoining defendants from engaging in the wrongful practices alleged;
4. An award of attorneys' fees, interest and costs, and disbursements of this action to be paid by defendants; and
5. Such other and further relief as this Court finds just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Dated: February 22, 2011
Rochester, New York

**BROWN & HUTCHINSON**

By:____________________

**Michael Cobbs, Esq.**
mcobbs@brownhutchinson.com
**Joseph A. Gawlowicz, Esq.**
jgawlowicz@brownhutchinson.com
*Attorneys for Plaintiff*
925 Crossroads Building
Two State Street
Rochester, New York 14614
(585) 454-5050